Buixakd, J.
delivered the opinion of the court.
The defendants are sued upon four promissory notes, amounting to three thousand nine hundred dollars, drawn by H. Lockett, in favor of the plaintiff, but which the defendants assumed and engaged to pay, as a part of the price of certain city lots, purchased by them of Lockett, and which he had previously bought of the plaintiff. The lots sold to the defendants by Lockett are described to be “joining each other, situated in the suburb St. Mary, designated by Nos. 19, 20, 21 and 22, in the square bounded by Circus, Girod, St. John and Julia streets, agreeably to a plan drawn by L. J. Filié, deputy surveyor general,” and which plan is identified with the act. The lots are further described as fronting on St. John-street. On looking at the plan it appears that a black line runs across St. John-street, as if it had not yet been entirely opened at the time of the sale.
The defence set up is that the consideration for which the respondents assumed to pay has failed, inasmuch as it was represented to them at the time *389 they purchased the lots from H. Lockett, that St. John-street, upon which the lots are situated, would he opened immediately, and upon that consideration alone they were induced to make the purchase. But they aver that they were deceived and led into error, and that the street is not yet opened. They conclude by praying to he dismissed with costs.
The case was submitted to a jury, who found a verdict of $3150, “ being of opinion that $150 should he deducted from the notes sued upon for [45] damages suffered by defendants, for the reasons set up in their defence.”
Our attention is first called to a hill of exceptions, by which it appears that a witness called by the defendants was asked to state at what time St. John-street was opened, which question and every answer thereto were objected to because the act by which the defendants assumed to pay the notes sued on, contains no condition as to the opening of said street, and it is not competent for the defendants to form such a condition by parol evidence. The same witness was further examined to prove that in 1836 St. John-street between Girod and Julia streets was closed, which evidence was objected to for the same reason. But the evidence was admitted on the ground that the plan forms a part of the act and the testimony only explains its connection with and its bearing on the contract.
We are of opinion that the court erred in going into any inquiry as to the opening of the street. In addition to the obvious objection, that the contract makes no mention of the opening of a street, and that parol evidence is inadmissible either against or beyond what is mentioned in a written act, and as to what may have been said before or at the time of making it or since, there is no privity of contract between the defendants and the present plaintiff. Their warrantor is Lockett; and even if they had been evicted of the property, they could have had no recourse on the present plaintiff, nothing shows that he was responsible even to his vendee that the street would be opened within a given time; nor is there any subrogation of such warranty. The plaintiff must therefore he regarded as a stranger to the contract, and as to him the question is, whether he he not entitled to recover on the promise and stipulation of the defendants without regard to any equities, which might exist between them and their immediate vendor, even supposing him to be responsible for the delay in opening the street. If instead of assuming to pay Lockett’s notes, due at a future day, the defendants had given their own notes payable to the order of their vendor at the same periods, and they had [46] come into the hands of the plaintiff as indorsee without notice of any latent equity between the original parties, we are of opinion he would have been entitled to recover. How is the case varied when the engagement is made directly with the present plaintiff by whom the stipulation is accepted, especially when the promise forms a part of a contract in which nothing is said about the opening of a street within a given time ?
The defendants have therefore entirely failed, in our opinion, in making out their defence, and we do not consider it important to inquire whether the charge of the court to the jury was correct or not.
It is therefore ordered and decreed, that the judgment of the commercial court he avoided and reversed, and the verdict set aside; and proceeding to *390 render such judgment as ought in our opinion to have been given below; it is further ordered that the plaintiff recover of the defendants three thousand nine hundred dollars, with interest at five per cent, upon $1300, from the 8tb of September, 1838, and upon $2600 from the 7th September, 1839, with eight dollars costs of protests, together with the costs of both courts, and that the mortgaged premises be seized and sold to satisfy the same.